UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AVESHKA, INC. | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Civil Action No. 1:14-cv-1006 ) GBL/IDD |
| GLOBAL RECORD SYSTEMS, LLC | ) ) |
| Defendant. | ) |

### DECLARATION OF GIRISH JINDIA

I, Girish Jindia, declare as follows:

1. I am the President of the Plaintiff, Aveshka, Inc. ("Aveshka") in this action and am over the age of 18 years.

2. Prior to the filing the Complaint in this action ("Complaint") by our counsel, I had a number of communications by telephone and by email with Sandra Garrett, who represented herself as the President and CEO of the Defendant, Global Record Systems, LLC regarding Defendant's non- payment of interest on the promissory note which is the subject of Count I of the Complaint, and regarding the tendered payment for services rendered by Plaintiff to Defendant, which is the subject of Count III of the Complaint, by check in the sum of $44,777.00 which was dishonored by Defendant's bank.

3. Throughout our conversations by phone and in emails, the sole reason for Ms. Garrett's reference to any face-to-face negotiations was her attempt to persuade me, on behalf of Aveshka, to exercise the conversion option in the Note (to "convert my [Defendant's] debt to equity"), to which I categorically refused and advised Ms. Garrett that Aveshka had no interest

in exercising the conversion option or changing the payment terms of the Note, and that our only interest was to be paid pursuant the terms of the Note. At no time did Ms. Garrett ever mention or even suggest that there was any claim (from Defendant against Plaintiff), dispute or controversy as to the services we provided to Defendant, nor did she mention that Defendant had any objection or complaint to the quality, timeliness or any other aspect of the services Aveshka provided to Defendant.

4. Although our communications did not resolve Defendant's non-payment or replacement of the dishonored check, the communications continued between us even after our counsel's final demand for payment of the note balance and the services, and the filing of the Complaint.

5. On August 9, 2014, I received the email attached hereto from Ms. Garrett. At no time did she state that there was a claim, dispute or controversy by and between Plaintiff and Defendant and she acknowledged that Defendant owed the money and intended to pay, if given additional time and Plaintiff's forbearance.

6. As to our response, counsel for Aveshka responded to counsel for Defendant and declined to cease or stay the litigation (see Declaration of Michael C. Montavon, Esquire).

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on September 23, 2014

Girish Jindia, President
Aveshka, Inc.

-------- Original message --------
From: Sandra Garrett <sgarrett@grs-emr.com>
Date: 08/09/2014 9:59 AM (GMT-05:00)
To: Girish Jindia <gjindia@aveshka.com>
Cc: Bruce Garrett <bgarrett@grs-cro.com>
Subject: FW: Follow-up


Girish,

When you invested in our Electronic Medical Records company we discussed your philosophy of honor and harmony. When we signed all agreements and you then came back to me and said that you would feel better if I would agree to provide personal protection I did not hesitate and responded to your concerns immediately. That is/was an act of honor. In May you asked that we find another investor to take out your position. We have been committed 24/7 to that quest and quite frankly at the cost of getting quickly funded. We have asked our pending investors to float a bridge loan to address our current indebtedness to Aveshka while considering strategies to take out Aveshka. They have agreed and as our lawyer, Mike Zuppone shared with your lawyer, they are preparing documents for a bridge by the end of next week. Suing us will cause termination of all funding efforts and therefore destroy months of hard work and due diligence and thus eliminate all chances of Aveshka being paid or growing the company. There are other honorable ways. I have been advised by counsel that you can hold off on prosecuting your claim with a stipulation that does not prejudice your claims and undermine at all your ultimate ability to obtain the relief you are pursuing in the lawsuit. We request that you hold on any further action in the lawsuit for the next 10 days and enter into stipulation that would suspend further collection efforts until the next interest payment date in exchange for the payment now of the past due interest, the penalty and the services fee, which we will fund with the bridge. Our goal is to pay off your obligation in full with the new capital were are raising. We hope you see this proposal as we see it, there is no downside to you and only upside you as you are paid off completely without the risks associated with foreclosure sale of illiquid assets that serve as the collateral for Aveshka's loan.

Sandra

---

**From:** Girish Jindia [mailto:gjindia@aveshka.com]
**Sent:** Monday, May 12, 2014 5:25 PM
**To:** Sandra Garrett
**Cc:** Kenneth M. Borow; Raymond Mcilwain; Bob Martin
**Subject:** RE: Follow-up

Sandra

As Ray & others have stated, I have "ZERO INTEREST" other than getting my Loan Repaid!!
I would be just as happy if you got another Investor to pay off my Loan such that " Another New Investor" can take an Equity Position.

Girish

---

**From:** Sandra Garrett [mailto:sgarrett@grs-emr.com]
**Sent:** Monday, May 12, 2014 4:25 PM
**To:** Girish Jindia
**Cc:** Kenneth M. Borow
**Subject:** FW: Follow-up

Dear Girish,

I understand that Ray and GRS counsel, Michael Zuppone, spoke on Wednesday regarding: (1) the status of our interest payment on the convertible note; and (2) Aveshka's interest in converting the note to equity. As Ray may have shared with you, the positioning of the convertible note is of significant concern to investors and in fact has prevented one such group, who completed due diligence, to actually close on the investment. We have spent a great deal of time considering a strategy that could work for all parties involved and would like to schedule a meeting (either in person or by phone) and discuss. Are you available on Wednesday afternoon? Let me know your thoughts.

sandi

***************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com