UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AVESHKA, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:14cv1006 |
| ) | GBL/IDD |
| GLOBAL RECORD SYSTEMS, LLC ) | |
| ) | |
| Defendant. ) | |

## CONSENT ORDER
## REGARDING DISPOSITION OF COLLATERAL

**THIS MATTER** came on to be heard on the joint motion of the parties,

**AND IT APPEARING** to the Court that the parties have reached agreement on the terms and conditions set forth herein and desire to have the Court enter this Consent Order,

**AND IT FURTHER APPEARING** to the Court that this Consent Order is proper and should be entered as requested by the aforesaid parties, it is therefore **ORDERED** as follows:

The Collateral (which is described in the Security Agreement attached to the Complaint in this action as Exhibit 2) shall be disposed of by the Defendant, Global Record Systems, LLC ("GRS"), as follows:

1. GRS shall immediately seek to sell all of the Collateral, with a deadline for closing a sale no later than April 15, 2015, unless extended as provided in paragraph 7, below.

2. GRS shall, no later than December 12, 2014, engage a recognized professional broker to assist with, market and oversee the sale of the Collateral. At all times, GRS shall cooperate with such broker and provide such broker with all non-privileged information and materials requested by such broker. Copies of any and all correspondence, materials and documents provided: a. by GRS

or its agents to the broker(s); b. by the broker(s) to any prospective purchaser or any other interested party and c. by GRS or its agents to any prospective purchaser or any other interested party shall be sent to Aveshka, c/o its counsel, at the same time it is provided to such person or firm. Additionally, GRS and the broker(s) shall, on an ongoing real-time basis, provide copies ("cc") to Aveshka, c/o its counsel, of any written communications by or between: a. GRS and the broker(s); b. the broker(s) and any prospective purchasers or any other interested party; and c. GRS and any prospective purchasers or any other interested party.

3. GRS and its broker shall keep Aveshka informed on an on-going basis of all sales and marketing activity, shall provide Aveshka with all materials in connection therewith, and shall, upon request, provide Aveshka with any information or materials that exist regarding all sales and marketing activity.

4. GRS shall immediately and on a real-time basis send to Aveshka, c/o its counsel, all financial or other materials provided by GRS or its broker(s) to any prospective purchaser or other interested party.

5. GRS shall, by December 19, 2014, prepare a. appropriate licenses, b. assignment documents and c. business associate agreements regarding GRS's vendors/licensors and clients (including its health care provider clients) so that such arrangements can be transferred to or taken over by the purchaser of the Collateral or Aveshka pursuant to this Consent Order. GRS shall, where necessary, take all commercially reasonable and good faith efforts to arrange to have all such documents or agreements executed by GRS's vendors/licensors and clients (including its health care provider clients) by January 15, 2015. Copies of all such licenses, assignment documents and business associate agreements shall be provided to Aveshka both in advance of transmission to GRS's vendors/licensors and clients (including its health care provider clients), as well as following

execution thereof (including executed copies with printed names and titles and legible signatures). Aveshka shall have the right to communicate directly with GRS's vendors/licensors and clients (including its health care provider clients) regarding such transfer(s) or assignment(s). To the extent such licenses, assignment documents and business associate agreements cannot be assigned, GRS shall provide: a. template transfer form, b. a template assignment document or c. a template business associate agreement, as appropriate, to be utilized by GRS and the purchaser(s) of the Collateral.

6. From the date of this Consent Order and hereafter, GRS shall operate its business in the normal course and shall not compensate or distribute any funds or anything else of value to Sandra Garrett, Bruce Garrett, Julie Garrett, Madhu Katikinini or Greg Simon (the members and/or officers of GRS) without prior written consent of Aveshka.

7. If GRS receives an offer for any or all of the Collateral that GRS wishes to accept, GRS shall first permit Aveshka to match that offer (upon 15 days' notice), and Aveshka shall have the right to acquire such Collateral upon the same terms and conditions. The proceeds from any such transaction, less reasonable transaction costs and expenses, shall be paid to Aveshka and applied as a credit against the Judgment in this action. In the event that the proceeds of sale of the Collateral pursuant to the efforts of the broker(s) or GRS, together with the proceeds of sale of the Collateral, less reasonable transaction costs and expenses, pursuant to any auction sale as provided in paragraph 9, exceed the total of the Judgment principal, all interest through date of closing on such sale(s), Aveshka's attorneys' fees agreed to by the parties or as awarded by the Court, and all taxable and recoverable costs (hereinafter, "excess proceeds"), then such excess proceeds shall be paid to GRS. Notwithstanding the foregoing, in the event a *bona fide* offer is made near enough to the April 15, 2015 closing deadline that allowing Aveshka a 15-day right of refusal window would push the third-party offeror's or Aveshka's 15-day closing date beyond April 15, 2015, then the closing date for the

sale of the Collateral subject to such *bona fide* offer will be extended but only to the earlier of the third-party offeror's closing date or Aveshka's 15-day closing date, in which case the auction deadline provisions of paragraph 9, below, will, as to any such Collateral that is not sold by April 30, 2015 be extended and such Collateral shall be auctioned by May 30, 2015.

8. If any of the Collateral is sold to a party other than Aveshka, the proceeds from any such transaction, less reasonable transaction costs and expenses, shall be paid to Aveshka and applied as a credit against the Judgment in this action, however any excess proceeds (as defined in paragraph 7) shall be paid to GRS.

9. Except as provided in the last sentence of paragraph 7, above, any Collateral remaining unsold as of April 15, 2015, above, including all GRS's licenses, assignment documents and business associate agreements regarding GRS's vendors/licensors and clients (including its health care provider clients), shall, no later than May 13, 2015, be auctioned by a commercial auctioneer, reasonably acceptable to both parties (and if the parties cannot agree, then the auctioneer shall be Rasmus Auctioneers), in one single lot irrespective that the remaining unsold Collateral be disparate or unrelated. Notice of such auction shall be advertised in a commercially reasonable manner, and shall also be given to Aveshka and GRS and their respective counsel by certified mail return receipt requested no less that 21 days prior to the advertised date of sale. The proceeds of such auction shall be disbursed and/or credited as the case may be as provided in paragraphs 7 & 8 herein.

10. As set forth in Paragraph 26 of the Complaint and Paragraph 26 of GRS's Answer and Affirmative Defenses, the parties dispute the existence of a personal guarantee by Ms. Sandra Garrett. Nothing in this Consent Order waives, modifies or relinquishes any party's rights, liabilities or legal position(s) with regard to Ms. Garrett's alleged personal guarantee.

ENTERED this 16th day of December, 2014.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
12/16/2014

**Gerald Bruce Lee**
**United States District Judge**

PRESENTED BY AND AGREED TO:

Michael C. Montavon by:
_____
Michael C. Montavon, VSB #16928
MICHAEL C. MONTAVON, P.C.
P.O. Box 496
Clifton, VA 20124-0496
703.352.2550
703.995.0277 (fax)
mcm@montavonlaw.com
*Counsel for Plaintiff Aveshka, Inc.*

_____
Marc A. Busman, VSB #13030
BUSMAN & BUSMAN, P.C.
P.O. Box 7514
Fairfax Station, VA 22039
703.503.8088
703.425.8487 (fax)
mbusman@busmanandbusman.com
*Co-counsel for Plaintiff Aveshka, Inc.*

PRESENTED BY AND AGREED TO:

_____
Stephen D. Charnoff, VSB #65329
REES BROOME, PC
1900 Gallows Rd., Suite 700
Tysons Corner, VA 22182
(703) 790-1911
(703) 356-0527 (fax)
scharnoff@reesbroome.com
*Counsel for Defendant Global Record Systems, LLC*