## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **AVESHKA, INC.** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:14-cv-01006 GBL-IDD** |
| | **:** | |
| **GLOBAL RECORD SYSTEMS, LLC** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

---

## DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS AND TO COMPEL CONTINUATION OF DEPOSITION (DKT. 31)

Defendant Global Record Systems, LLC ("Defendant" or "GRS"), by counsel, hereby submits its Opposition to Plaintiff Aveshka, Inc.'s Motion for Sanctions and to Compel the Continuation of Deposition (Dkt. 31), and in support thereof states as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Aveshka, Inc. ("Plaintiff" or "Aveshka") filed this action on August 7, 2014. Aveshka alleged that GRS breached three separate contracts: a Convertible Promissory Note (the "Note"); a Security Agreement ("Security Agreement"); and a Master Services Agreement and its associated Statement of Work. *See,* Complaint, ¶¶ 8, 16, 24, 27. Aveshka alleged, in Count I, that GRS defaulted on a Note payment, that Aveshka accelerated the amount due under the Note (which would otherwise have been due on October 31, 2017), and that GRS was liable for the entire balance of the note ($2,500,000.00, plus interest).

GRS filed responsive pleadings in September, 2014 (Dkt. 6, 8), and, in October, 2014, consented to judgment against it in the amount of $2,676,432.78. Dkt. 22 (Consent Judgment Order). The parties subsequently agreed upon a plan for the disposition of secured collateral, and the Court approved the plan. Dkt. 30 (Consent Order Regarding Disposition of Collateral).

Aveshka, on November 6, 2014, noticed a deposition GRS pursuant to Fed. R. Civ. P. 30(b)(6), a copy of which is attached hereto as **Exhibit 1**.

A GRS member and officer, Bruce Garrett, appeared for the 30(b)(6) deposition at Aveshka's counsel's office on November 18, 2014 and was deposed. A copy of the 30(b)(6) deposition, including an errata sheet, is attached hereto as **Exhibit 2**. Aveshka's counsel did not, during the course of the deposition, raise any concern that GRS's representative was unprepared, and the deposition occurred without any problems or any subsequent motion brought by Aveshka.

The November 30(b)(6) deposition included questions and answers about matters such as:

- GRS's officers and members;

- the physical locations of GRS's assets, such as servers and computers;

- GRS's employees and their locations;

- GRS's interest in any other entities, partnerships, or joint ventures;

- GRS's revenue and accounts receivable;

- GRS's intellectual property;

- GRS's customer list;

- GRS's acquisition of eCAST software and Annual Wellness Assessment program;

- GRS's computer programmer and computer maintenance personnel;

- GRS's bookkeeper;

- GRS's licenses;

- GRS's debts, taxes, and outstanding invoices; and,

- GRS's contracts, including a former Food and Drug Administration contract.[1]

---

[1] Aveshka's counsel, on page 78 of the transcript, asks: "Was it [the FDA contract] cancelled?" GRS, through its representative, answered: "It was cancelled."

2

In February, 2015, Aveshka notified GRS, via a Notice of Deposition, *see,* **Exhibit 3**, that Aveshka would depose Bruce Garrett, Sandra Garrett, and Julie Garrett.[2] The Notice of Deposition did not preview the depositions' subject matter. GRS's counsel (who was also retained by each of the Garretts) agreed, as a courtesy, to accept service of the deposition subpoenas, and did so.

The deposition subpoenas, all of which are included herein as **Exhibit 4**, gave GRS's office address as the address of each deponent, and, because they are subpoenas and not 30(b)(6) notices, did not preview the subject matter of any of the Garretts' depositions.

Sandra Garrett timely appeared for the April 1, 2015 deposition in Falls Church, Virginia. The deposition transcript is attached hereto as **Exhibit 5**.[3] The deposition of Sandra Garrett included, without limitation, questions and answers about the following items:

- GRS's assets and their geographic locations (as already inquired about at the 30(b)(6) deposition);

- GRS's customer list (as already inquired about at the 30(b)(6) deposition);

- GRS's bookkeeper (as already inquired about at the 30(b)(6) deposition);

- GRS's computer programmer (as already inquired about at the 30(b)(6) deposition);

- GRS's customer service representative (as already inquired about at the 30(b)(6) deposition);

---

[2]     Sandra Garrett is married to Bruce Garrett, and Julie Garrett is Bruce Garrett's sister. All three are GRS officers, and may, from time to time, be referred to as the "Garretts."

[3]     The deposition was scheduled for 9:00 a.m., as set forth in the subpoena, and began shortly after 9:00 a.m. The cover page of Sandra Garrett's deposition erroneously states that the deposition began at 10:11 a.m., but that is the time that GRS's November, 2014 30(b)(6) deposition began (see Exhibit 2), not Ms. Garrett's deposition. The fact that Sandra Garrett's deposition began just after 9:00 a.m., and not at 10:11 a.m., is borne out by the facts that (i) the transcript, at page 41, reflects a break taken at 9:57 a.m., which is impossible if the deposition began past 10:00 a.m., and (ii) Ms. Garrett's deposition transcript is lengthy enough that it is obvious that, when it ended at 10:34 a.m., it had gone on for close to an hour-and-a-half, not a mere twenty-three minutes.

- GRS's licenses (as already inquired about at the 30(b)(6) deposition);

- GRS's intellectual property (as already inquired about at the 30(b)(6) deposition);

- GRS's acquisition of eCAST software (as already inquired about at the 30(b)(6) deposition);

- GRS's Annual Wellness software (as already inquired about at the 30(b)(6) deposition);

- GRS's members (as already inquired about at the 30(b)(6) deposition);

- GRS's employees (as already inquired about at the 30(b)(6) deposition);

- GRS's obligations pursuant to GRS's contracts with Aveshka;

- the October, 2014 judgment against GRS;

- the December, 2014 Order governing the disposition of collateralized assets; and,

- GRS's compliance with numerous specific portions of the December, 2014 Order.

It must be noted that the nature of Aveshka's counsel's questions were so obviously directed at GRS, and not to Ms. Garrett, as an individual, that Ms. Garrett automatically referred to "we" (i.e., GRS) in over a dozen of her answers. Moreover, Aveshka's counsel, in posing questions to Ms. Garrett, often used the word "you" to refer to GRS, not Ms. Garrett individually.[4]

Certain portions of the April 1, 2015 transcript are particularly pertinent to this opposition to Aveshka's request for sanctions and the unrestricted continuation of Sandra Garrett's deposition.

---

[4]     *See, e.g.,* Tr. 10:17 ("And when are **you** [GRS] to engage that broker?"); Tr. 19:4-6 ("Would it be fair to say that that was a listing of all of **your** [GRS] customers as of November … 19th, 2014?"); Tr. 25:16-17 ("In other words, did they claim **you** [GRS] get source codes or object codes?"); Tr. 25:22, 26:1-2 ("So that everything here is what **you** [GRS] actually acquired from the company that sold it to **you** [GRS]?"); Tr. 34:9-10 ("What was the name of the company that showed [sold] **you** [GRS] … eCAST?"); Tr. 47:15-16 ("Do **you** [GRS] have outside contractors that work with him?"); Tr. 58:18 ("What couldn't **you** [GRS] deliver?").

Counsel for GRS and Ms. Garrett objected early in the deposition that the questions posed to Ms. Garrett as essentially a corporate designee were objectionable. *See,* Tr. 10:3-4. After allowing the questioning of Ms. Garrett to proceed for a period of time, counsel again objected: "I'm just going to interpose another objection for the record … that counsel [for Aveshka is] really treating this like a 30(b)(6) deposition when Aveshka has already taken a 30(b)(6) deposition and … would have to apply to the court for another deposition of GRS[,] and I think it's objectionable …." Tr. 22:10-18. Despite these objections, the questioning continued in the same manner.

Counsel for GRS and Ms. Garrett then stated:

> Counsel, can you make a representation as to how this isn't just a second 30(b)(6) deposition? You've not obtained court permission to take -- this is a GRS deposition.

Tr. 48:3-6.

Aveshka's counsel then complained, for the first time since November, 2014, that GRS's representative at the November, 2014 30(b)(6) deposition, "had a lot of I don't knows, I don't remember," Tr. 48:20-22, to which the deponent's counsel replied: "Right, and you have the right to go to court and ask for a second 30(b)(6)[,] which you haven't done." Counsel for GRS and Ms. Garrett asked Aveshka's counsel for a proffer as to the subject matter of the remainder of the deposition, and Aveshka's counsel declined: "Counsel, I don't think I have to explain it to you right now." *See,* Tr. 49:7-15

Aveshka's counsel subsequently claimed that the deposition was proper pursuant to Fed. R. Civ. P. 69, to which counsel for GRS and the deponent responded: "Rule 69 just says that you get to use all the discovery methods that you're entitled to [use] during litigation after a judgment is entered, which would mean that 30(b)(6) would still stand as it stands, which means [Aveshka] only get[s] one [30(b)(6) deposition] without a court order." Tr. 53:2-15. Aveshka's counsel

5

responded: "Well, we'll see," Tr. 53:16. Aveshka's counsel later stated: "I don't understand the rule to say I'm limited to just doing one 30(b)(6) deposition and it wasn't my understanding that I needed to go back and get permission to do another one." Tr. 55:20-22, 56:1-2.

Setting aside, for the moment, that Aveshka's counsel's comment is contrary to Fed. R. Civ. P. 30(a)(2)(A)(ii)(requiring a court order to depose any person already deposed in the case absent a stipulation between the parties), the comment is notable because it was a tacit acknowledgement that what was transpiring was, in fact, a second 30(b)(6) deposition. Aveshka's counsel did not argue that the deposition was not a 30(b)(6) deposition; Aveshka's counsel argued that a second 30(b)(6) deposition was permissible despite the lack of a stipulation or a court order.

The disagreement eventually crystalized as a disagreement not over the propriety of Aveshka deposing Ms. Garrett, but over the scope of the questions posed to Ms. Garrett, and whether the correct way to address any alleged deficiency in the November, 2014 30(b)(6) deposition was to agree upon another 30(b)(6) deposition. Counsel for GRS and Ms. Garrett stated:

> I actually want to, on the record, go ahead and state that my inclination is to go ahead and terminate the deposition. **However, I don't want to interfere with questions that are un-objectionable**. If you're going to question [Ms. Garrett] in her personal capacity about issues other than GRS, meaning questions that you could have addressed or did address with Mr. Garrett during the 30(b)(6) deposition, then **I'm happy for us to remain and for her to answer those questions**. Such as, for example, **your questions about the personal guarantee, which I believe were perfectly proper for a personal deposition**. If the intent, based on the 40-plus exhibits that appear on the table there, is for this to be another 30(b)(6) deposition, then I am just going to terminate and move for a protective order and you can cross-move for a second 30(b)(6).
>
> ….
>
> I mean, I'm happy to negotiate. **If you believe there are items on the 30(b)(6) which were not answered because [Bruce] Garrett lacked knowledge, I think that [it] would be appropriate for us to have a second 30(b)(6) on the areas where Mr. Garrett lacked**

6

**knowledge**, but, barring that, I don't believe it's proper to cover the same territory with Ms. Garrett absent a court order or some sort of agreement between the parties.

Tr. 54:17-22, 55:1-13, 57:1-9 (emphases added); *see also,* Tr. 52: 15-16 ("[W]e can negotiate a second 30(b)(6) [deposition].")

Instead of exploring a compromise, Aveshka's counsel, in response to the foregoing, specifically posed a question that was already asked at the November, 2014 30(b)(6) deposition: "Let me go to one particular question that was not answered properly by Mr. Garrett [at the 30(b)(6) deposition] regarding the FDA [contract] …." Tr. 57:11-14. In other words, Aveshka's counsel explicitly stated that the question was one already posed at the November, 2014 30(b)(6) deposition, and would now, again, be posed to a GRS officer in the April, 2015 deposition.

After the determination was made that the deposition would not continue, counsel for GRS and the Garretts asked about the pending subpoenaed depositions of the other Garretts: "May I ask for a proffer if the questions to Bruce Garrett and Julie Garrett are going to be in the same vein, i.e., **GRS questions about assets, personnel, locations, transactions that GRS previously engaged in**?" Tr. 59:8-12 (emphasis added). Aveshka's counsel answered: "**Yes, that would be included**." Tr. 59:13 (emphasis added). Thus, Aveshka's counsel acknowledged the nature of Ms. Garrett's deposition up to that point and conceded the duplicative nature of the other depositions.

Counsel for GRS and the Garretts concluded by stating: "It is not my intent to be rude or discourteous or in any way unprofessional, but I do believe this is outside the Rules of Civil Procedure." Tr., 59:20-22. Aveshka's counsel responded: "Take it up with the judge." Tr. 60:1.

Counsel for GRS and Ms. Garrett transmitted a letter to Aveshka's counsel later in the day on April 1, 2015, stating, in part, as follows:

> While you did not specify the particular items that Bruce Garrett was allegedly unprepared to discuss on GRS's behalf [at the 30(b)(6) deposition], **GRS is, as I stated earlier today, agreeable to providing one or more GRS representatives for a second deposition of GRS in order to address whatever questions Mr. Garrett was, on November 18, 2014, unable to answer on GRS's behalf. GRS is <u>also</u> readily agreeable to GRS providing a representative to address matters that have arisen between the November 18, 2014 deposition and the present, including GRS's efforts to dispose of the collateral referenced in the December 16, 2014 Consent Order Regarding Disposition of Collateral**.
>
> ....
>
> I offered, during today's deposition, to stipulate to a second deposition of GRS regarding matters that Bruce Garrett was, allegedly, unable to answer on GRS's behalf in November, 2014. I also offered, during today's deposition, to allow the continuation of today's deposition if the subject matter was limited to matters personal to Sandra Garrett, such as, by way of example, the issue of whether she personally guaranteed GRS's debt to Aveshka.
>
> ....
>
> If motions practice is necessary, I propose a hearing on Friday, April 17, 2015. That said, **I do not think it is in anyone's interest for counsel to draft and argue motions when GRS is offering to stipulate to a wide-ranging second 30(b)(6) deposition**.
>
> Please contact me to determine whether we can agree on the conduct of further depositions.

*See,* **Exhibit 6** (emphases added).

Aveshka's Motion for Motion for Rule 30(d)(2), (3) Sanctions (Dkt. 31) was filed on April 23, 2015. It alleges that Aveshka, on April 1, 2015, "deposed Sandra Garrett, President of Defendant Global Record Systems, LLC," Motion, p. 1., and seeks the unconstrained resumption of the deposition of GRS's president, as well as sanctions against Ms. Garrett, GRS, and counsel. Notably, Aveshka did not bother to distinguish between GRS, on the one hand, and the Garretts, on the other hand, in serving the motion.

8

## LAW AND ARGUMENT

### I.      The Issues Before the Court.

The two main issues before the Court are whether the Court should order the resumption of Ms. Garrett's deposition without any limitations on the subject matter thereof and whether GRS, Ms. Garrett, and/or undersigned counsel should be sanctioned for concluding the deposition on April 1, 2015 based on the questions posed by Aveshka's counsel during the deposition. (The resolution of a third issue arguably before the Court, the subpoenaed depositions of Bruce Garrett and Julie Garrett, will largely rest upon the Court's ruling regarding Sandra Garrett's deposition.)

What is uncontroverted is that GRS is willing to appear for a second 30(b)(6) deposition, and that Aveshka was entitled to depose Sandra Garrett in a manner that does not effectively duplicate what was or could have been asked at the original 30(b)(6) deposition. It is also uncontroverted that Aveshka may, pursuant to Fed. R. Civ. P. 69, utilize the discovery rules even after it has been awarded judgment. Rule 69 does not, however, obviate any other discovery rule.

### II.     The Resumption of Ms. Garrett's Deposition.

#### A.      A Party Cannot Take a Second Deposition of the Same Person Absent Stipulation or a Court Order.

Despite Aveshka's counsel statement that "I don't understand the rule to say I'm limited to just doing one 30(b)(6) deposition," Tr. 55:20-22, Fed. R. Civ. P. 30(a)(2)(A)(ii), by its plain language, does not permit a deponent, such as a company, to be deposed twice if the parties have not stipulated or the court has not ordered a second deposition of the deponent. *See, State Farm Mut. Auto. Ins. Co., et al. v. New Horizont, Inc. et al.,* 254 F.R.D. 227, 234 (E.D.Pa. 2008)("Neither the text of the rule nor the committee's note exempts Rule 30(b)(b) depositions from the leave requirement in the event of a second deposition of a party already deposed."); *Carrera, et al. v.*

9

*First American Home Buyers Protection Co., et al.,* 2014 U.S. Dist. LEXIS 101064, *7-8 (S.D.Cal. 2014)("In seeking to preclude the deposition, Defendant argues that a second Rule 30(b)(6) deposition is not allowed without both prior leave of court and a determination that the deposition complies with Rule 26(b)(2). The Court agrees.")(internal citation omitted).[5]

### B.    Ms. Garrett's Deposition Was an Impermissible Second 30(b)(6) Deposition.

The April 1, 2015 deposition of Ms. Garrett was, both in intent and in practice, a do-over of the November, 2014 30(b)(6) deposition and a *de facto* second 30(b)(6) deposition of GRS.

A distinction must be drawn between those aspects of the April 1, 2015 deposition which addressed areas specifically within the knowledge of Ms. Garrett, in her individual capacity, and those areas which were, obviously and concededly, posed to Ms. Garrett as a GRS representative.

The deposition lasted close to an hour-and-a-half, and questions properly posed to Ms. Garrett in her individual capacity were not hampered or precluded. For example, Aveshka's counsel questioned Ms. Garrett underlined extensively about an alleged personal guarantee of the Note, all without interference. *See,* Tr. 13-18, 43-44, 50-51. Questions regarding Ms. Garrett's role in GRS's formation and the offices she held, Tr. 40:1-16, as well as Ms. Garrett's role in forming another company (Global Research Services, LLC), Tr. 45:8-11, were also appropriate, and went without objection. In further example, it would not have been objectionable for Aveshka to question Ms. Garrett about money contributed to and received from GRS.

The vast majority of the questions, however, mimicked the 30(b)(6) deposition. Aveshka's counsel's deposition of Ms. Garrett included questions addressing each of the following points already addressed in the November, 2014 30(b)(6) deposition: GRS's assets and their locations;

---

[5]    All District Court cases cited herein are attached hereto for ease of reference.

GRS's customer list; GRS's bookkeeper; GRS's computer programmer; GRS's customer service representative; GRS's other employees; GRS's licenses; GRS's intellectual property; GRS's acquisition of eCAST software; GRS's Annual Wellness software; and GRS's members. The foregoing points of repetitive inquiry are not exhaustive.

Moreover, the questions were very obviously posed to Ms. Garrett as a GRS representative, despite the fact that Aveshka already took a 30(b)(6) deposition, and despite the fact that Aveshka subpoenaed Ms. Garrett as an individual instead of noticing her deposition as a GRS officer. In addition to the questions quoted in footnote 4, *supra*, Aveshka's counsel asked questions such as:

- "Now, this is not all of the assets of GRS, is it?" Tr. 13:9-10.

- "Is there someone who is part of GRS that maintains client or customer contacts on a regular basis?" Tr. 20:15-17.

- "And who are the operations people?" Tr. 21:7.

- "Who handles marketing for the company?" Tr. 22:7-8.

- "And did you confirm … that all the assets listed on Schedule A [of the Security Agreement] were, in fact, part of what GRS acquired from the seller?" Tr. 25:3-5.

- "[W]here would those [GRS] assets be kept?" Tr. 31:13.

- "What assets, other than the collateral listed on Schedule A to Exhibit 3, does GRS own?" Tr. 34:17-19.

- "So GRS had some purchase, licensing or agreement with EZResarch to acquire that software; am I correct?" Tr. 34:8-10.

- "Then what type of contractual arrangements does GRS have with eResearch ….?" Tr. 38:7-8.

- "Is there any other programmer other than him that works there [in GRS's North Carolina location]?" Tr. 47:10-11.

- "Are there any other employees of GRS that you haven't identified yet?" Tr. 51:20-21.

The Court should decline to allow Aveshka to circumvent Fed. R. Civ. P. 30(b)(6).

First, the intersection between Rule 30(a)(2)(A)(ii) and Rule 30(b)(6) would be rendered superfluous and effectively unenforceable if a party can first take a Rule 30(b)(6) deposition and then, seriatim, depose all of the entity's officers about the exact same subjects and subjects which were already included in a 30(b)(6) deposition, as Aveshka <u>concedes</u> it seeks to do here.[6] This is neither the intent of the discovery rules nor the reasonable complementary reading of them. *See, State Farm Mut. Auto. Ins. Co.,* 254 F.R.D. at 232 (granting protective order precluding company officer's individual deposition after the company was already deposed pursuant to Rule 30(b)(6), and noting that, if the plaintiff was dissatisfied with the defendant's Rule 30(b)(6) designee's preparation, "the proper avenue for this grievance is a motion to compel Rule 30(b)(6) testimony," not "seek[ing] to depose Mr. Bowles in his *individual* capacity." (emphasis in original); Fed. R. Civ. P. 30, Notes of Advisory Committee on 1970 amendments ("[I]f the examining party believes that certain officials who have not testified pursuant to this subdivision have **added** information, he may depose them. <u>On the other hand, a court's decision whether to issue a protective order may take account of the availability and use made</u> of [Rule 30(b)(6)].")(emphases added).

Second, this Court may limit any discovery provided for under the Federal Rules where the discovery is "unreasonably cumulative or duplicative," Fed. R. Civ. P. 26(b)(2)(C)(i), and Aveshka's reiterative and duplicative questioning should be deemed unreasonable in light of the facts that (i) GRS already submitted to a 30(b)(6) deposition, (ii) GRS did not know, prior to April 1, 2015, that Aveshka was in any way dissatisfied with GRS's 30(b)(6) designee's preparation,

---

[6]   MR. CHARNOFF:  May I ask for a proffer if the questions to Bruce Garrett and Julie Garrett are going to be in the <u>same</u> vein, i.e., **GRS questions about assets, personnel, locations, transactions that GRS previously engaged in?** (Tr. 59:8-12) (emphasis added).
        MR. BUSMAN:  **Yes, that would be included.** (Tr. 59:13)(emphasis added).

and (iii) GRS specifically, and on multiple occasions, offered a second 30(b)(6) deposition as a means to remedy any of Aveshka's concerns. *See, Carrera,* 2014 U.S. Dist. LEXIS 101064, \*7-8 (noting applicability of Fed. R. Civ. P. 26(b)(2) to Fed. R. Civ. P. 30(b)(6)).

Third, neither GRS nor Ms. Garrett seeks to wholly preclude Aveshka's deposition of Ms. Garrett. As counsel stated multiple times during the deposition, Ms. Garrett was ready to proceed as to questions posed to her in an individual capacity, and there is no opposition to resumption of the deposition as to matters not already covered by the November, 2014 30(b)(6) deposition or which could have been covered therein.[7] In other words, GRS and Ms. Garrett seek a <u>limited</u> protective order.[8] Moreover, GRS is amenable to a second 30(b)(6) deposition.

Fourth, Local Civil Rule 37(E) states that, "The Court <u>will not</u> consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue," and Fed. R. Civ. P. 37(a)(1) states that a discovery "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery …." Aveshka's motion does not include any certifications whatsoever.

Accordingly, GRS and Ms. Garrett respectfully request that the Court deny Aveshka's demand that the Court direct Ms. Garrett to submit to a deposition with no qualifications or limitations and that the Court direct Bruce Garrett and Julie Garrett to do the same.

---

[7]    A copy of Aveshka's November, 2014 30(b)(6) notice, stating the wide range of topics which Aveshka claimed it sought to inquire about, and to which GRS submitted itself to deposition in November, 2014, is attached hereto as Exhibit 1.

[8]    A Motion for Protective Order to Limit Deposition is filed contemporaneously with this opposition brief in order to ensure strict compliance with Fed. R. Civ. P. 30(d)(3), but neither Ms. Garrett nor GRS wishes to cause the Court or Aveshka to read redundant arguments, and, thus the Memorandum in Support thereof simply incorporates the content of this Opposition brief.

### III.    Sanctions Should Not be Awarded.

#### A.    Aveshka's Bases for Seeking Sanctions.

Aveshka seeks sanctions against Ms. Garrett, GRS, and undersigned counsel pursuant to Fed. R. Civ. P. 30(d)(2), which states that the Court "may impose an appropriate sanction … on a person who impedes, delays or frustrates the fair examination of the deponent," (emphases added), and pursuant to Fed. R. Civ. P. 30(d)(3)(C), which incorporates Fed. R. Civ. P. 37(a)(5). Fed. R. Civ. P. 37(a)(5) states that the Court must require the payment of reasonable expenses incurred in pursuing a discovery motion that the Court grants, but also states (with emphasis added) that:

> [T]he court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or,
>
> (iii) other circumstances make an award of expenses unjust.

#### B.    Sanctions Are Not Warranted Pursuant to Fed. R. Civ. P. 30(d)(2).

It is entirely within the Court's discretion whether to award sanctions pursuant to Fed. R. Civ. P. 30(d)(2). Ms. Garrett, GRS, and undersigned counsel respectfully request that they not be sanctioned, as Ms. Garrett's deposition was not terminated in bad faith or on frivolous grounds.

As set forth above, undersigned counsel sought, on multiple occasions, both to alert Aveshka's counsel of the objection to a *de facto*, surprise second 30(b)(6) deposition and to continue the deposition on uncontroverted subjects, such that Aveshka could have completed its deposition of Ms. Garrett on uncontroverted topics on April 1, 2015. The parties could then have negotiated about the controverted subject matters. Instead, Aveshka's counsel forced a situation where Ms. Garrett could either refuse to answer particular questions, which is not specifically

provided for in the Rules, or comply with Rule 30(d)(3) by moving to limit the deposition. Despite choosing to proceed under Rule 30(d)(3) to limit the deposition via a motion for protective order, undersigned counsel sought at all times to keep the disagreement professional and courteous.

This is also not a circumstance wherein Ms. Garrett simply refused to be deposed. Ms. Garrett timely appeared and was deposed for close to an hour-and-a-half, which was well past the point in time that Aveshka had bypassed the "fair examination" requirement. And, as noted above, Ms. Garrett remains willing to be deposed pursuant to this Court's direction.

Finally, while the issue of the merit of the objection to the scope of Ms. Garrett's deposition is discussed further in the following subsection, Ms. Garrett, GRS, and undersigned counsel ask the Court to take into consideration that the objection that led to the suspension of Ms. Garrett's deposition was non-frivolous and posed in good faith.

**B.      Sanctions Are Not Warranted Pursuant to Fed. R. Civ. P. 30(d)(3).**

If the Court grants Aveshka's Motion without any qualification, then the Court's analysis of sanctions pursuant to Fed. R. Civ. P. 30(d)(3) revolves around the three factors set forth in Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Regarding Rule 37(a)(5)(A)(i), this Court "must not" award sanctions where the "movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action …." Here, undersigned counsel sought to (i) allow Ms. Garrett's deposition to continue on uncontroverted subjects and (ii) negotiate a second 30(b)(6) deposition, i.e., <u>a manner for Aveshka to "obtain the disclosure or discovery without court action,"</u> both at the deposition and by letter of April 1, 2015. Aveshka's counsel's brusque response was, "Take it up with the judge." Tr. 60:1. It is Aveshka's burden to demonstrate that it sought to obtain the discovery without court action in good faith, and Aveshka has not done so, including due to its failure to certify that it did so.

15

The second, independent basis upon which the Court should not award expenses is set forth in Rule 37(a)(5)(A)(ii), which states that fees may not be awarded where "the opposing party's nondisclosure, response, or objection was substantially justified …." Even if the Court ultimately disagrees with the argument set forth herein that Aveshka's questioning of Ms. Garrett constituted a *de facto* second 30(b)(6) deposition of GRS in contravention of Rule 30(a)(2)(A)(ii), there is more than adequate legal bases for the Court to find that the conclusion of deposition in order to raise these matters with the Court was substantially justified. *See, e.g., State Farm Mut. Auto. Ins. Co.,* 254 F.R.D. at 233, n. 4 ("Here, <u>because there is a genuine dispute between the parties as to the propriety of Bowles's deposition</u>, the motion to compel was substantially justified, and sanctions are not warranted.")(emphasis added); *see also,* CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2103 ("The fact that a Rule 30(b)(6) notice must specify limited topics for examination implies that additional inquiry into **<u>other</u>** relevant topics should not be precluded," thus implying that topics which <u>are</u> covered in a Rule 30(b)(6) notice, *see,* Exhibit 1, should not be permitted to be explored elsewhere.)(emphasis added). While Rule 30(b)(6) states that it is not intended to "preclude a deposition by any other procedure allowed by these rules," that language does not obviate GRS's argument that Ms. Garrett's deposition was, for every practical purpose, a second 30(b)(6) deposition in contravention of Rule 30(a)(2)(A)(ii).

The third, independent prong states that expenses must not be awarded where "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii). Ms. Garrett, GRS, and undersigned counsel contend that the circumstances of the dispute that occurred during the deposition, coupled with the post-deposition actions of the parties, as described herein, taken as a whole, demonstrate that sanctions against any or all of them would be unwarranted.

Finally, if the Court grants Aveshka's motion in part and denies it in part, then, pursuant to Fed. R. Civ. P. 37(a)(5)(C), the Court "may," in its discretion "apportion the reasonable expenses for the motion." For the reasons set forth above, if the Court grants Aveshka's motion in part and denies it in part, Ms. Garrett, GRS, and undersigned counsel respectfully request that the Court not award expenses to any party.

## CONCLUSION

WHEREFORE, Defendant Global Record Systems, LLC, and non-parties Sandra Garrett, Bruce Garrett, and Julie Garrett, respectfully request that the Court deny Plaintiff Aveshka, Inc.'s Motion For Rule 30(d)(2),(3) Sanctions and to Compel the Continuation of its April 1, 2015, Deposition of Sandra Garrett and direct the parties to negotiate a second Fed. R. Civ. P. 30(b)(6) deposition and, if necessary, a subsequent continuation of Ms. Garrett's deposition on matters not previously noticed for a 30(b)(6) deposition. GRS, Ms. Garrett, and undersigned counsel further respectfully request that the Court deny Aveshka's demand for sanctions against each of them.

GLOBAL RECORD SYSTEMS, LLC
SANDRA GARRETT
by Counsel


 */s/ Stephen D. Charnoff*
Stephen D. Charnoff (VSB No. 65329)
REES BROOME, PC
1900 Gallows Rd.
Suite 700
Tysons Corner, VA 22182
(703) 790-1911 (telephone)
(703) 356-0527 (facsimile)
scharnoff@reesbroome.com
*Counsel for Defendant Global Record Systems, LLC and non-parties Sandra Garrett, Bruce Garrett, and Julie Garrett*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of May, 2014, I will (1) <u>hand-deliver</u> this pleading to Marc Busman, Esq. at 7012 Wolf Run Shoals Rd., Fairfax Station, Virginia, 22039 and (2) electronically file this pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michael C. Montavon, Esq.
Michael C. Montavon, P.C.
P.O. Box 496
Clifton, VA 20124-0496
(703) 352-2550 (telephone)
(703) 995-0277 (facsimile)
mcm@montavonlaw.com
*Counsel for Plaintiff Aveshka, Inc.*

Marc A. Busman, Esq.
Busman & Busman, P.C.
P.O. Box 7514
Fairfax Station, VA 22039
(703) 503-8088 (telephone)
(703) 425-8487 (facsimile)
mbusman@busmanandbusman.com
*Counsel for Plaintiff Aveshka, Inc.*

GLOBAL RECORD SYSTEMS, LLC
SANDRA GARRETT
by Counsel

 */s/ Stephen D. Charnoff*
Stephen D. Charnoff (VSB No. 65329)
REES BROOME, PC
1900 Gallows Rd.
Suite 700
Tysons Corner, VA 22182
(703) 790-1911 (telephone)
(703) 356-0527 (facsimile)
scharnoff@reesbroome.com
*Counsel for Defendant Global Record Systems, LLC*
*and non-parties Sandra Garrett, Bruce Garrett, and*
*Julie Garrett*

K:\07\07725\00001\PLDNGS\150513 Defendant's Opposition to Motion for Sanctions and to Compel Continuation of April 1, 2015 Deposition (final).docx

18